IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA DENISE NAILS,

        Plaintiff,    Case No. 1:06CV737-WKW(WO)

Vs.

DOTHAN RESCUE MISSION,

        Defendant,

AMENDED COMPLAINT

The defendant should have let the plaintiff live at the Dothan Rescue Mission because the plaintiff did not have anywhere else to live. The defendant guidelines for the Dothan Shelter are made up from two commissions who give money grants for running the Dothan Shelter. The city and the state of Alabama fund the grants to run the Dothan Shelter. The grants are also for hiring a employee to live at the Dothan Shelter to oversee the women who are checking into the shelter and will be living at the Dothan Shelter. The Dothan Shelter

has varies churches who provide clothing, food and health and beauty aids etc. Because the Dothan shelter is under the guidelines of the grants given to them to run their shelter they are responsible for the Congress policy Stwart B. McKinney Homeless Assistance Act Section (5) Consolidate existing homeless housing programs under title IV of the act which this act gives block grants to homeless shelters for emergency facility for overnight sleeping for the homeless, the act includes eating and cooling accommodations as well. The city tax law for Dothan recognizes the Dothan shelter as a nonprofit organization.

SECTION 28 UDHA states Homeless Shelters can not ask someone to leave the Homeless Shelter for any reason. Section 28 UDHA in the execution of eviction or demolition involving underprivileged and homeless citizens, the following are mandatory:

30- day notice
Adequate consultation
only during office hours and good weather
presence of LGC
all those participating in demolitions must have proper ID

UDHA- Urban Development and Housing Act.

Section 28 UDHA comes form the following. The Social Policy thus, even with American law reform innovations supplanted into the notice and relocation benefits under section 28 of UDHA.

Each count of the defendant is that the defendant did not allow the plaintiff to resided at the Dothan Rescue Mission and failed to follow the guidelines of Section 28 UDHA(Urban Development and Housing Act.).

The defendant failed to follow the guidelines of the grant committees who give grants to shelters and the bases that the shelter are using the grants for the cause of the reason that the request was made to give the shelter the grant. Section (5) of the Steward B. McKinney Homeless Assistance Act. Consolidate existing homeless housing programs under title IV of the act which the act gives block grants to homeless shelters for emergency facility for overnight sleeping for the homelessness.

The plaintiff rights under the Americans with Disabilities Act provided no discrimination against those people who have a disability and even when living in a shelter. American with disabilities should

be allowed to congregate with others without having to become a target. The defendant did not consider any of the plaintiff disabilities slow reaction to moving slow or fast. The plaintiff is not able to assist in completing every rule at the Dothan Rescue Mission such as making a bed evenly, because the plaintiff can not make a bed evenly because the plaintiff disabilities.

The First Amendment gives the plaintiff the right to peaceably to assemble. The defendant did not give the kitchen assistant any reason that the plaintiff should be ask to live the property and never come back on the property, preventing the plaintiff from ever eating at the Dothan Rescue Mission Food kitchen. The plaintiff first amendment gives the plaintiff the right to peaceably to assemble. The defendant had no cause or reason to stop the plaintiff form coming into the Food kitchen after 14 days of meal tickets that were given to the plaintiff to eat meals at the Dothan Rescue Mission. Even thought the defendant understood that the plaintiff was not allowed to stay at the Dothan Rescue Mission the defendant allowed the plaintiff to receive the 14 days of meal tickets to eat the plaintiff meal. Future more the kitchen assistant was not told why the plaintiff

could no longer eat at the Food kitchen. The director holding a grudge after submitting to the 14-day's meal ticket, the plaintiff knows of no one who reported an incident to the assistant in the kitchen.

The date of the alleged violation May 2003 the defendant denied the plaintiff service at the Dothan Rescue Mission. The denial occur at the same time.

The date of the alleged violation June 2005 the defendant denied the plaintiff service at the Dothan Rescue Mission Food kitchen. The denial occurred at the same time.

*Angela Denise Nails*
ANGELA DENISE NAILS
PRO SE