IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA DENISE NAILS,

    Plaintiff,        Case Number 1:06cv00737-WKW

DOTHAN RESUCE MISSION,

    Defendant,

## MOTION OF ISSUES OF DEPOSITION

The plaintiff is asking the court to review the plaintiff issues of the Deposition December 6, 2006. The deposition was taken from the plaintiff at the defendant attorney office 212 North Lean Street Dothan, Alabama 36303.

1. The defendant attorney has issues of the facts of the plaintiff document disclosure mailed to the defendant attorney before the deposition December 6, 2006. All the question were answered on the deposition the response to the answer section of the Defendant's First For Production. The defendant attorney continued to ask the same question over and over during the deposition even though the plaintiff made her

written answers ready for the defendant attorney before the deposition. The responses were completed on the question answers of the Defendant's First For Production. FRCP Rule 37 Making response to disclosure requires movant to make good faith effort to resolve these issues. The defendant attorney has not in good faith tried to movant himself to resolve these issues out of court.

2. The defendant attorney has issues of asking that the plaintiff furnish the defendant attorney with legal law etc. The defendant attorney requested copies of legal documents. The documents were request from the defendant attorney Defendant's First Request For Production questions the questions are number 8/9. The plaintiff has given all of the information of the legal laws on the plaintiff amended complaint. Legal Laws were given for the Stewart B. Mckinney Homeless Shelter Assistance Act Section (5) and UDHA Homeless Shelter Section 28. The defendant attorney during the deposition stated that he has already went to the internet and found the above reference information relating to the Homeless Shelter and Steward B. McKinney Homeless Shelter Assistance Act. FRPC Rule 26(a)(1)(c) applies only to evidence that supports their own case, not anything that would harm their case. The

*plaintiff research of FRCP or other laws for the defendant attorney it would harm the plaintiff case.*

3. *The defendant attorney conduct at the disposition December 6, 2006 was not professional during the deposition recording of the plaintiff questions. FRCP Rule 11 Codes Standards for professional conduct uncivilized and unprofessional behavior.*

4. *The defendant attorney during the deposition recording the defendant attorney alleged that the plaintiff did not included a hand written note of the Dothan City Planning Commission. The hand written note is not a document. Question number 7 of the Defendant's First Request For Production. FRCP Rule 34 Production Of Documents the new rule allows only electric documents formats and type in order to determine all potentially relevant and privilege information before producing that data. The plaintiff concluded that the defendant attorney actions were not of a professional nature FRCP Rule 11.*

5. *The plaintiff made a response to a question the defendant attorney ask to the plaintiff in the response to the question the plaintiff stated the words*

*Civil Rule Of Procedure. The defendant attorney told the plaintiff that he was not aware of any such words Civil Rule Of Procedure. The attorney shows no professionalism.*

*ANGELA DENISE NAILS*
*PRO SE ATTOENEY*

# CERTIFICATE OF SERVICE

*The plaintiff hereby certify that this date that the plaintiff has served a copy of this document on the defendant by placing the document in the United States Mail in a properly addressed envelope with prepaid postage.*

ATTORNEY WALDING
POST OFFICE BOX 1469
DOTHA, ALABMA 36302

UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101

The 14th day Novebmer 2006 1st issue of Document.
The 15th day of December, 2006  Second issue of Document

*Angela Denise Nails*
ANGELA DENISE NAILS

PRO SE ATTORNEY