```
         IN THE UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF ALABAMA
                 SOUTHERN DIVISION

ANGELA DENISE NAILS,         *
                             *
     PLAINTIFF,              *      1:06-CV-00737.WKW
                             *
vs.                          *
                             *
DOTHAN RESCUE MISSION,       *
                             *
     DEFENDANT.              *
```

## RESPONSE TO PLAINTIFF S
## <u>MOTION FOR JUDGMENT</u>

THE DEFENDANT, the Dothan Rescue Mission, moves the Court to Strike or Deny the Plaintiff s  Motion for Judgment  filed on December 20, 2006.  In support of this request, the Defendant states:

1.  Despite the Plaintiff s label of  Motion for Judgment  this pleading appears to be a Motion to Compel.

2.  The Plaintiff did not discuss any problems in the discovery process with the Defendant before filing a Motion to Compel with this Court.  The Plaintiff has failed to make a good faith effort to obtain any disclosures or discovery material from the Defendant before filing a Motion with this Court.  This is in direct violation of Fed. R. Civ. P. 37.

3.  The Defendant properly responded to the Plaintiff s written discovery pursuant to the Federal Rules

of Civil Procedure.

4.   The Defendant disclosed all relevant information as required under Rule 26 in its initial disclosure packet to the Plaintiff.

5.   The Plaintiff did not produce a single document in response to the Defendant's Request for Production. The Plaintiff's responses to the Defendant's interrogatories were for the most part incoherent or evasive. In the Plaintiff's deposition on December 6, 2006, when asked why she had not produced any documents the Plaintiff stated:

> [by Mr. Walding]: And why have you not produced to me a copy?
>
> [by Ms.Nails]: Because you're a lawyer. You're defending them. I'm not just helping you.

Depo. of Angela Nails 77 lines 2 - 5.

When asked again why the Plaintiff did not produce any documents,: she responded:

>    I didn't, and I wasn't going to, even though the question does ask that, that I produce that. Was this a "yes" or "no" answer anywhere else? Because, if not, that's not my responsibility to send you any legal documents where I looked up a legal remedy.

Depo. of Angela Nails 78 lines 3 - 8.

When asked why she did not comply with Rule 34 of the

Federal Rules of Civil Procedure, the Plaintiff responded:

> I think that I - - I know that you are incorrect. When it comes to federal, state, any governing law, that is not my responsibility to send you any statute or anything that governs a relationship to a body of information related to the law.

Depo. of Angela Nails 79 lines 10 - 15.

Attached is Pages 77 - 80 of the Plaintiff s deposition.

WHEREFORE the Defendant moves the Court TO STRIKE or TO DENY the Plaintiff s Motion for Judgment.

HARDWICK, HAUSE, SEGREST & WALDING

BY: /s/ Kevin Walding
Kevin Walding (WAL036)

BY: /s/ Patrick Moody
Patrick Moody (MOO110)
Attorneys for Defendant
Post Office Box 1469
Dothan, Alabama 36302
Phone    (334)794-4144
Fax      (334)671-9330

**CERTIFICATE OF SERVICE**

_____I hereby certify that, this date, I have served a copy of this document on the following individual(s) and/or attorney(s) of record by placing same in the United States Mail in a properly addressed envelope with prepaid postage.

Angela Denise Nails
342 South Saint Andrews Street
Apartment 808
Dothan, Alabama 36301

This the 22nd day of December, 2006.

_____/s/ Kevin Walding_____
Of Counsel

Page 77

1   A   No, I haven't.
2   Q   And why have you not produced to me a
3   copy?
4   A   Because you're a lawyer. You're
5   defending them. I'm not just helping you.
6   Q   Yes, ma'am. I understand what you're
7   saying. Look at Defendant's Exhibit 4 for me.
8   Request number eight, which is on page two?
9   A   Uh-huh.
10  Q   I requested of you "Any and all
11  documents or tangibles, regardless of media,
12  showing that the Dothan Rescue Mission is
13  governed by the Stewart McKinney Homeless
14  Assistance Act." Do you see that?
15  A   I do see that.
16  Q   Did you produce to me a single
17  document?
18  A   No, I did not.
19  Q   Pursuant to that request?
20  A   No, I did not.
21  Q   So, then, you don't have a single
22  document that --
23  A   I have the computer --
24  Q   -- supports that allegation?
25  A   -- printout document sheet, that I did

Page 78

1   get off of the computer, yes, I do.
2   Q   But, you didn't produce that to me?
3   A   I didn't, and I wasn't going to, even
4   though the question does ask that, that I
5   produce that. Was this a "yes" or "no" answer
6   anywhere else? Because, if not, that's not my
7   responsibility to send you any legal documents
8   where I looked up a legal remedy. You did that
9   yourself, and that was well taken.
10  Q   Flip to the first page of Defendant's
11  Exhibit 4. It says there, to start with, "The
12  Defendant, the Dothan Rescue Mission, by and
13  through counsel" --
14  A   Where is -- four is on the second
15  page.
16  Q   Four is the whole document, and I'm
17  reading from right here (indicating).
18      -- "pursuant to Rule 34 of the Federal
19  Rules of Civil Procedure, requests that the
20  Plaintiff" -- that's you, ma'am -- "make the
21  following documents and/or tangible items
22  available for inspection and/or copying."
23      Do you see that?
24  A   Yes, I do.
25  Q   That means that if you have any

Page 79

1   document that's within the four walls of these
2   requests (indicating), you have to let me look
3   at them, and you have to let me copy them. Do
4   you understand that?
5   A   I understand that you're saying that,
6   yes. I do understand what you're saying, yes, I
7   do.
8   Q   Okay. You just think I'm incorrect in
9   my position?
10  A   I think that I -- I know that you are
11  incorrect. When it comes to federal, state, any
12  governing law, that is not my responsibility to
13  send you any statute or anything that governs a
14  relationship to a body of information related to
15  the law.
16  Q   Okay.
17  A   Because that's --
18  Q   Do you recall the conference we had
19  with Judge Walker? We talked about it earlier?
20  A   Okay. So, what is your point?
21  Q   I'm asking you if you recall that
22  conference? Do you?
23  A   I remember the telephone conference,
24  yes, sir.
25  Q   Good. Do you recall Judge Walker

Page 80

1   asking you specifically where the UDHA was
2   located?
3   A   No. She did not ask me that.
4   Q   Okay. Tell me what leads you to
5   believe that the Stewart B. McKinney Homeless
6   Act somehow applies to the Dothan Rescue
7   Mission?
8   A   The reasons you got surrounded and
9   highlighted, the 30-day notice. The 30-day
10  notice, the -- all of this, in this highlighted
11  area, here (indicating).
12  Q   Just for our record, you're pointing
13  to a highlighted area on page two of Defendant's
14  Exhibit 2?
15  A   Uh-huh.
16  Q   And it says, "30-day notice, adequate
17  consultation, only during office hours and good
18  weather, presence of LGC, all those" --
19  A   Yes. That basically deals with the
20  eviction policies as a shelter.
21  Q   I want to make sure I'm understanding
22  you. The Stewart B. McKinney Homeless Act
23  applies to the Dothan Rescue Mission somehow
24  through this Section 28 UDHA and all these
25  requirements that are contained in it?