IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA DENISE NAILS,

    Plaintiff,        Case No 1:06cv737-WKW

Vs.

DOTHAN RESUCE MISSION,

    Defendant,

## MOTION FOR JUDGEMENT

The defendant(s) in the case have not properly clarified many of the answers to the plaintiff Discovery questions FRCP Rule 37(a)(3). The FRCP RULE 37(a)(3) Evasive or incomplete answers considered failure to answer. The defendant(s) have not yet clarified any of the answers ask on the typed deposition to the defendant(s).

The plaintiff makes a motion of 12(c) Judgement on the pleading against the defendant(s).

*The plaintiff request for* **MOTION FOR JUDGEMENT** *is on the grounds of Discovery answer questions not complete, and that someone in the defendant(s) employment filled in the answers to the questions on the* **REGISTRATION CARD** *the employee filled in the dated also enter a time both are not correct and are not verifiable FRCP Rule 12(b)(3)* **LIBEL AND SLANDER** *defamatory Comment, and thus court must consider whether those who knew the plaintiff, upon reading the statement, would understand that plaintiff was the target of the allegedly libelous statement. The statements answers that were filled in were falsely written in to the questions and the incorrect answers were put in the answer spaces on the registration card, the information of facts were falsely answered by a employee of the Dothan Rescue Mission on the registration card. The month date and year and the time were enter incorrectly on the registration card.*

*The plaintiff knows of no reason why the information was falsely written in by a Dothan Rescue Mission employee. The plaintiff knows of no reason why the plaintiff was ask never to come back to the Dothan Rescue Mission Kitchen to eat another meal or as a resident of the Dothan Rescue Mission. The plaintiff was told by a Dothan Rescue Mission employee Lee Armstrong*

*if the plaintiff did come back onto the Dothan Rescue Mission Property the plaintiff would be trespassing on the Dothan Rescue Mission Property.*

*The plaintiff began living in Fort Walton Beach, Florida in June 1995 in February 1996 the plaintiff was living in the state of Florida. There was no way that the plaintiff would have been a resident at the Dothan Rescue Mission the defendant(s) answer that the plaintiff was a resident of the Dothan Rescue Mission in February 1996 on the regstration card. Prejudice meaning improper harm needless presentation of cumulative evidence FRCP Rule Evid Codes 352 and 403. Hand written across the card says barred. The defendant(s) barred the plaintiff in February 1996 for life from every coming back to the Dothan Rescue Mission as a resident.*

*Plaintiff was not a resident at the* **DOTHAN RESUCE MISSION** *FEBUARY 15, 2006. The plaintiff resident February 15, 2006 was 58 Ed Brown Street in Fort Walton Beach, Florida 32548.* **DOCUMENT OF RESIDENT ADDRESSES ATTACH TO DISSMAL MOTION.** *The document(s) of the plaintiff residence in February 1996 will show to the court that the plaintiff was not a resident of the Dothan Rescue Mission in*

*February 1996 and that the defendant(s) could not have been able to barred the plaintiff for life form the shelter in the year of 1996.*

*The plaintiff has been falsely accused of the information the defendant(s) state that they have in their position to provide to the court of their claim. The plaintiff is being blamed for what the defendant(s) believe the defendant(s) believe that the defendant(s) did nothing wrong toward the plaintiff. The plaintiff knows that the defendant(s) have incorrectly accused the plaintiff of wrong doing the plaintiff would have the courts to correct the error of the plaintiff wrong doing in the defendant(s) complaint of statements.*

*The defendant(s) assurance of the words barred for life could never be true because the plaintiff was not a resident at the Dothan Reuse Mission in February 1996.*

*The defendant(s) do not have any police reports or do the defendant(s) have any employee statements giving information of why the could have been ask not to eat at the Dothan Rescue Mission Kitchen and never becoming a resident of the Dothan Rescue Mission. The plaintiff knows of no reason why the defendant(s) gave false information about the plaintiff*

*being a resident of the Dothan Rescue Mission February 1996. The plaintiff was a resident of the Dothan Rescue Mission in 2003.*

*The plaintiff was ask never to come back to the Dothan Rescue Mission Kitchen a employee Lee Armstrong stop the plaintiff at the Dothan Rescue Mission kitchen door in 2005 telling the plaintiff the plaintiff could not eat at the Dothan Rescue Mission again. Lee Armstrong told the plaintiff that Brad the Director of the Dothan Rescue Mission contacted him and told him to tell the plaintiff never to come back onto the property of the Dothan Rescue Mission and the plaintiff could not ever have another meal at the Dothan Rescue Mission. The plaintiff was told if the plaintiff did come back to the Dothan Rescue Mission property the Dothan Rescue Mission would call the Dothan Police for trespassing. The plaintiff was never given any reason from Lee Armstrong to why the plaintiff was barred form eating at the Dothan Rescue Mission. When the plaintiff ask why the plaintiff could not ever eat at the Dothan Rescue Mission Lee Armstrong did not have any answer. The Dothan Rescue Mission Kitchen destroyed the plaintiff meal ticket. The plaintiff had five days left on the meal ticket before Lee*

*Armstrong told the plaintiff the plaintiff could not eat at the Dothan Rescue Mission again.*

*The plaintiff is asking that the* **LEAVE TO ADMEND** *FRCP Rule 15(b) be accepted. The plaintiff Claim FRCP Rule 15(c) (2) The plaintiff motion of the Leave To admen be granted to the plaintiff to go above the original amount of the claim of $10,000.00. The plaintiff is seeking damages of $300,000.00. The information in the motion to dismiss the plaintiff had no way of knowing that the plaintiff would be able to provide information to the court of the original damages in the claim to the court. The comprehensive of the complaint is worth more then what the original complaint started out with. False Information to the court and the plaintiff ability to provide information after long research should give the plaintiff damages for pain and suffering more than $10,000.00 alone. The plaintiff damages for lodging in the amount of $3,000.00. The plaintiff damages of embarrassment because the plaintiff was shut of the plaintiff living arrangement with the Dothan Rescue Mission the plaintiff searching for another place to live and the plaintiff did not have a vehicle to travel around in nor did the plaintiff have a job. The plaintiff was waiting for the plaintiff disability to be awarded. This led the plaintiff to ask for help from different*

*organizations in the community. Because of these facts the suffering alone is $287,000.00. The plaintiff is asking that the court consider FRCP Rule 15* **AMENDING THE COMPLAINT** *15(a):(1)(3)(b)(c) 15(b):(2) 15(c):(2) Cause to relief the plaintiff of Leave of Admend and ableing the plaintiff to use damages awarded on the base of unknown circumstances.*

_____
*ANGELA DENISE NAILS*

*PRO SEE ATTORNEY*

## CERTIFICATE OF SERVICE

*The plaintiff hereby certify that this date that the plaintiff has served a copy of this document on the defendant by placing the document in the United States Mail in a properly addressed envelope with prepaid postage.*

UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Alabama 36101

*Attorney Walding*
P.O. Box 1469
*Dothan, Alabama 36302*

This , day of January, 2007

*Angela Denise Nails* (signature)
ANGELA DENISE NAILS

PRO SE ATTORNEY