IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV737-WKW |
| | ) | |
| DOTHAN RESCUE MISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In her amended complaint, plaintiff Angela Denise Nails alleges that defendant Dothan Rescue Mission ("Mission") refused to allow her to live at the Mission's shelter in May 2003. She further alleges that, in June 2005 – after defendant gave plaintiff 14 days of meal tickets – defendant refused to allow plaintiff to eat at the Mission's food kitchen. Plaintiff alleges that she has a disability ("slow reaction to moving slow or fast") and that, therefore, she is unable to comply with Mission rules, such as the rule requiring that beds be made evenly. Plaintiff claims that the Mission: (1) failed to comply with the guidelines of the "Urban Development Housing Act;" (2) discriminated against her in violation of the Americans with Disabilities Act; (3) violated the provisions of the Stewart B. McKinney Homeless Assistance Act, and (4) infringed on her right to assembly under the First Amendment. This action is presently before the court on defendant's motion for summary judgment (Doc. # 36) and plaintiff's motion for judgment and motion to amend complaint (Doc. # 45). Upon consideration of the motions, the court concludes that defendant's motion for summary judgment is due to be granted, and plaintiff's motion for judgment and to amend

her complaint is due to be denied.

## Summary Judgment Standard

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment

motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

**Rule 56(f) Motion**

On February 16, 2007, the day after she filed her response to summary judgment, plaintiff filed an affidavit, in which she states:

> The plaintiff is filing a [s]worn affidavit opposing the motion for Summary Judgement filed by the defendant(s). The defendant(s) have not completely answered the interrogatories questions set forth by the plaintiff which was required by the court as a part of the motion of discovery. Federal Rule 16. All other evidence has been submitted ahead to the Court Opposing the defendant(s) Summary Judgement Federal Rule 56(e).

(Doc. # 46). The court construes this affidavit as a motion for relief pursuant to Fed. R. Civ. P. 56(f). However, plaintiff's Rule 56(f) motion is substantively insufficient. In moving for a continuance or stay pursuant to Rule 56(f), "'[t]he nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989)(quoting SEC v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir. 1980)).

While plaintiff contends that defendant's answers to interrogatories were incomplete, she has not advised the court of the substance of those interrogatories.[1] She does not describe

---

[1] On December 20, 2006, plaintiff filed a pleading styled "Motion for Judgement" in which she complained about defendant's allegedly incomplete response to her interrogatories. (Doc. # 30). By order entered December 22, 2006, the court construed the motion as a motion to compel. The court advised plaintiff that it was unable to determine the precise nature of the discovery dispute because plaintiff had failed to set forth of the text of her interrogatories or defendant's responses. The court quoted Local Rule 37.2, which requires that discovery motions include "a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." The court further advised plaintiff of the requirement that she certify that she has conferred in good faith with defendant's attorney in an attempt to resolve the discovery dispute. The court denied the motion to compel without prejudice. (Doc. # 32). In response to the court's order, the plaintiff filed a pleading styled "Motion of Issue of Motion for Judgment," (Doc. # 33), objecting to the court's action in construing of her previous motion as one to compel. In this motion, plaintiff continued to complain of defendant's failure to answer her interrogatories fully, but again

the nature of the evidence she expected to elicit in response to her interrogatories, nor does she explain how that evidence will permit her to rebut defendant's contentions in the motion for summary judgment. Thus, plaintiff's Rule 56(f) motion is due to be denied.

## Background[2]

The Dothan Rescue Mission is a privately funded religious organization which provides housing assistance, meals, and financial assistance to citizens of Dothan, Alabama, and surrounding areas. The work of the Mission is supported entirely by private donations from churches, individuals, and businesses. The Mission does not receive any federal, state or local government funds of any kind, and is considered a religious organization under section 501(c)(3) of the Internal Revenue Code. (Hardy aff.). It is not an entity or office of

---

failed to provide the court with a copy of or the text of the discovery requests and responses at issue. The court construed this motion as one for reconsideration and denied it without prejudice, again advising plaintiff of the requirement of Local Rule 37.2. (Doc. # 35). Plaintiff did not renew her motion to compel and has yet to provide the court with a copy of the interrogatories she claims were not answered properly. Accordingly, the court declines to treat plaintiff's affidavit (Doc. # 46) as a motion to compel.

[2] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). By order entered February 2, 2007, the court advised plaintiff of the requirements for responding to a motion for summary judgment. (Doc. # 38). However, with the exception of plaintiff's Exhibit D (plaintiff's Mission registration card, provided to plaintiff with defendant's initial disclosure), plaintiff filed no admissible evidence with her response. She submitted photocopies of affidavits previously filed by defendant in support of its motion for summary judgment (plaintiff's Exhibits A, B, and C), uncertified and redacted copies of computer printouts from an unidentified source (plaintiff's Exhibit E), and photocopies of portions of IRS publications regarding 501(c)(3) status (plaintiff's Exhibit F). Thus, the court resolves the present motion on the basis of the evidentiary materials submitted with defendant's motion and plaintiff's Exhibit D.

the City of Dothan, and the city has no control over or involvement with any aspect of the Mission. (Palmer aff.).[3]

Guests at the Mission are required to follow rules and procedures designed to protect their safety and to accomplish the purposes, goals, and religious aims of the Mission. Guests are required to attend religious services every night. If a guest refuses to follow the rules or procedures, he or she is asked to leave the Mission. (Id.). Anna Culbreth was the Assistant Executive Director of the Mission until 2004. She worked with plaintiff on numerous occasions. According to Culbreth, plaintiff refused to follow many of the rules at the Mission. She repeatedly called Culbreth and Culbreth's husband at their home, complaining about the requirements of the Mission's program. Because of plaintiff's phone calls to Culbreth's home and Culbreth's discussions with the women's lodge manager regarding plaintiff's conduct and refusal to follow the Mission's rules, Culbreth barred plaintiff from the Mission. Thereafter, the Mission provided plaintiff with meal cards and other assistance, but refused to allow her to reside in the Mission. (Culbreth aff.).

Plaintiff testified that, in May 2003, she resided at the Mission on a three-day trial period. At the end of the three days, the "housemother" told plaintiff that she could no longer stay at the Mission. Plaintiff spoke with Lisa Smith and Mr. Culbreth at the Mission office.

---

[3] Plaintiff testified that she telephoned the "City of Dothan" and spoke with someone who told plaintiff that the Mission receives grant money from Dothan for "lights, soap, tissue pater, et cetera. Plaintiff could not recall the individual's name or the date of the conversation. (Nails depo., pp. 61-71). This hearsay testimony is not admissible to prove that the Mission receives grant money from the City of Dothan.

Culbreth told plaintiff that she was no longer welcome at the Mission, based on information the housemother had given to him.  Culbreth told plaintiff that she was not following the rules at the Mission, but did not tell plaintiff what he had heard from the housemother.  (Nails depo., pp. 42-43, 83-87).

In January 2005, plaintiff applied for assistance from the Mission.  She told Brad Hardy, the executive director, that she had shelter but wanted to stay at the Mission to save rent money.  Hardy reviewed plaintiff's file, which showed that she had previously broken Mission rules and had been barred.  Hardy denied plaintiff's request for shelter and financial assistance.  (Hardy aff.).[4]

In June 2005, the Mission gave plaintiff a seven-day meal ticket to eat at the Mission's lunch kitchen.  After the first seven days, plaintiff went to Lisa Smith at the Mission and obtained another seven-day meal ticket.  Brad Hardy revoked plaintiff's meal ticket because he learned that she was speaking negatively of the Mission while using its cafeteria.  The lunchroom supervisor, Lee Armstrong, told plaintiff that Hardy had called him about plaintiff.  Armstrong relayed Hardy's message that plaintiff's meal ticket was revoked, and that she was not to come back on the property or she would be trespassing.  Armstrong denied knowing the reason for the revocation.  Plaintiff then spoke with Hardy, who was "very hostile" and did not give plaintiff an explanation for his decision to revoke the meal ticket.  (Nails depo., pp. 43-45).

---

[4]  The January 2005 denial of service is not at issue in the present case.  (Nails depo., p. 41); Amended Complaint, p. 5).

## Discussion

As noted above, plaintiff claims that the Mission is liable to her pursuant to: (1) the "Urban Development Housing Act;" (2) the Americans with Disabilities Act; (3) the Stewart B. McKinney Homeless Assistance Act, and (4) the First Amendment.

### First Amendment

Defendant argues that plaintiff cannot prevail on her First Amendment claim because she cannot demonstrate that the Mission is a "state actor." 42 U.S.C. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To be entitled to relief under the statute, the plaintiff must show that defendant deprived her of a right secured to her by the Constitution or federal law and that the deprivation occurred "under color of state law," *i.e.*, that the alleged actions are "'fairly attributable to the State.'" Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citations omitted).

> For a defendant's actions to be fairly attributable to the state, '[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"

Id. (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state

8

actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Id. A private entity may be found to be a state actor under the public function test when it is "given powers (or perform[ing] functions) that are 'traditionally the *exclusive* prerogative of the State.'" Id. at 1131 (citations omitted)(emphasis in original). The state compulsion test is applicable where the state has "'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice [made by the private entity] must in law be deemed to be that of the State.'" Nobles v. Alabama Christian Academy, 917 F. Supp. 786, 788-89 (M.D. Ala. 1996)(quoting Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982)). "The nexus/joint action test involves situations where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" Harvey, *supra*, 949 F.2d at 1131 (citation omitted); see also Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). The evidence of record is not sufficient to permit an inference that the Mission's actions are fairly attributable to the state. Accordingly, defendant is entitled to summary judgment on plaintiff's First Amendment claim.

<u>Stewart B. McKinney Homeless Assistance Act</u>

Plaintiff asserts that defendant's conduct violated her rights under Subchapter IV of the Stewart B. McKinney Homeless Assistance Act.[5] The Act's stated purpose is to "provide

---

[5] The Act is now referred to as the McKinney-Vento Homeless Assistance Act. Pub. L. 106-400 (Oct. 30, 2000).

funds for programs to assist the homeless."[6] 42 U.S.C. § 11301(b)(3). The Act sets forth the responsibilities of recipients of federal funds awarded through the Act. 42 U.S.C. § 11375. Agencies and organizations desiring to obtain federal funding through the Act must submit an application and agree to operate the proposed project in accordance with the provisions of the Act. See, *e.g.,* 42 U.S.C. § 11386. As defendant argues, plaintiff has produced no evidence that defendant receives any federal funding. The evidence of record affirmatively establishes that defendant receives no federal, state, or local government funds. (Hardy aff., p. 2). Plaintiff has filed no competent evidence to the contrary and, accordingly, may not maintain a claim against the Mission under the Homeless Assistance Act.

Americans with Disabilities Act

Title III of the Americans with Disabilities Act prohibits any person who owns, leases or operates a place of public accommodation from discriminating against an individual on the basis of disability. 42 U.S.C. § 12182(a). Plaintiff brings a claim pursuant to Title III, stating that she "is seeking damages under 42 U.S.C. 12182(a) prohibition against discrimination in places of public accommodation." (Complaint, p. 2; see also Amended Complaint, pp. 3-4). Title III does not provide a private right of action for damages. See 42 U.S.C. § 12188(a), (b); 42 U.S.C. § 2000a-3(a); 28 C.F.R. §36.501; cf. Jairath v. Dyer, 154 F.3d 1280, 1283 n. 7 (11th Cir. 1998); Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir.

---

[6] Other purposes enumerated in the statute are to establish the United States Interagency Council on Homelessness and to use public resources and programs in a more coordinated manner to meet the needs of the homeless. 42 U.S.C. § 11301(b)(1), (2).

2006)("[M]oney damages are not an option for private parties suing under Title III of the ADA."). Accordingly, defendant is entitled to summary judgment on plaintiff's claim for damages under Title III.

Additionally, defendant has introduced evidence that it is a non-profit religious organization. (See Hardy aff., p. 1 ("The Dothan Rescue Mission is a privately funded religious organization assisting the less fortunate citizens of Dothan and the surrounding areas. . . . As part of our program, guests at the Mission are required to attend religious services every night.); Defendant's Exhibit 7, Articles of Incorporation, p. 1 (organizing a non-profit corporation "[t]o serve as an arm of the church given to a soul-saving ministry among the rejected and neglected people being found in need of assistance, including but without limitation, those in need of food, clothing, housing, and other material necessities and specifically in need of knowing the Good News of the Gospel of Jesus Christ"); id., p. 2 ("[T]he first, foremost, paramount and exclusive purposes of this corporation are religious and charitable.")). Plaintiff has filed no evidence suggesting that the Mission is not a religious organization. Religious organizations are exempt from the provisions of Title III of the Americans with Disabilities Act. 42 U.S.C. § 12187. Defendants are entitled to summary judgment on plaintiff's ADA claim for this additional reason.

Finally, to prevail on her claim under Title III of the ADA, plaintiff must show, *inter alia*, that she is a person with a disability, as defined by 42 U.S.C. § 12102(2). Dudley v. Hannaford Bros. Co., 333 F.3d 299, 307 (1st Cir. 2003); Amir v. St Louis University, 184 F.3d 1017, 1027 (8th Cir. 1999). "A person is disabled within the meaning of the ADA if

11

[s]he demonstrates that [s]he has a physical or mental impairment that substantially limits one or more of [her] major life activities, that [s]he has a record of such an impairment, or that [s]he is regarded as having such an impairment." Id.; 42 U.S.C. §12102(2); 28 C.F.R. § 36.104.

Plaintiff alleges that she suffers from disabilities which cause a "slow reaction to moving slow or fast." (Amended Complaint, p. 4). In her deposition, plaintiff testified that she does not work because she is "disabled." (Nails depo., p. 31). She testified that she was awarded Social Security disability benefits in November of 2003 because her "left foot has a stye that comes and goes," she has "chronic back pain" and pain in both of her knees. (Id., p. 35). She further testified that she had been treated at a "mental hygiene place" in Dothan. (Id., p. 37). This testimony is not sufficient to demonstrate the existence of a genuine issue of material fact regarding whether plaintiff is disabled within the meaning of the ADA. The evidence does not demonstrate that plaintiff has an impairment that substantially limits a major life activity, or that she has a record of or is regarded as having such an impairment. Plaintiff provided no evidence regarding the extent to which she is limited by her impairments and little evidence regarding the nature of those impairments. Thus, the court has insufficient evidence to permit the detailed analysis required by the statute (see 28 C.F.R. § 36.104) to determine whether plaintiff is "disabled" for purposes of the ADA. The evidence that plaintiff receives Social Security disability benefits is relevant, but is insufficient to demonstrate that she meets the ADA's statutory definition of "disabled." See Couts v. Beaulieu Group, LLC, 288 F. Supp.2d 1292 (N.D. Ga. 2003)("An individual may

receive disability benefits from the Social Security Administration and yet not have an impairment that substantially limits one or more major life activities for purposes of the ADA."). Since plaintiff has failed to introduce sufficient evidence to establish the existence of a genuine issue of material fact on the issue of her disability, defendant is entitled to summary judgment on plaintiff's ADA claim.

<u>Urban Development Housing Act</u>

Plaintiff claims entitlement to relief for defendant's failure to comply with the procedural requirements of "Section 28 UDHA." (Amended Complaint, p. 2). In her deposition, plaintiff confirmed that Defendant's Exhibit 21 is a copy of the law upon which she relies. (Nails depo., pp. 73-76). That law is an Act of the Republic of the Philippines (<u>see</u> Defendant's Exhibit 21) and has no applicability to defendant's operation of its shelter in Dothan, Alabama. Accordingly, defendant is entitled to summary judgment on plaintiff's UDHA claim.[7]

**Plaintiff's Motion for Judgment and for Leave to Amend**

In a "Motion for Judgement" filed on February 15, 2007 (Doc. # 45), plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (<u>See</u> Motion, p. 1). The motion is due to be denied for a number of reasons. First, the dispositive motion deadline expired on January 29, 2007. (<u>See</u> Doc. # 16, Rule 16 scheduling order). Plaintiff has not demonstrated good cause, as required by Fed. R. Civ. P. 16(b), for modification of the

---

[7] The court is aware of no other law giving plaintiff a right to relief under the circumstances presented in this case.

scheduling order.   Additionally, plaintiff contends that she is entitled to judgment because: (1) defendant failed to clarify its answers to her written discovery requests; and (2) defendant allegedly falsified the registration card submitted as Plaintiff's Exhibit D in opposition to the summary judgment motion and provided to plaintiff with defendant's initial disclosure.[8]  As noted above (*supra* n. 1), plaintiff has not demonstrated that defendant has failed in its discovery obligations.  Additionally, even if the registration card contains false or incorrect information, defendant is entitled to summary judgment for the reasons set forth above, which have nothing to do with the date on which plaintiff was initially barred from staying at the Mission.   As the court has explained, defendant is entitled to summary judgment because the laws upon which plaintiff rests her claims are inapplicable to the Mission and because plaintiff has also failed to provide evidence sufficient to establish her ADA claim on the merits.   Thus, plaintiff is not entitled to relief under either Rule 37 or Rule 12(c).

In the same motion, plaintiff seeks leave to amend her complaint to increase her demand for damages from $10,000.00 to $300,000.00.   (Doc. # 45, p. 6).  Plaintiff sought this same relief in a motion filed on December 18, 2006 (Doc. # 25).  The court denied that motion because the deadline for amending pleadings had passed and plaintiff had not demonstrated good cause for modification of the scheduling order.  (Doc. # 28).  Those circumstances still exist.  Additionally, since defendant is entitled to summary judgment on

---

[8]  Plaintiff argues that  – contrary to a notation on the card – she had an address in Florida in February 1996 and could not, therefore, have been barred from the Mission at that time.

14

all of plaintiff's claims, amending the *ad damnum* clause in the complaint would be futile.

Accordingly, the motion for leave to amend is due to be denied.[9]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that:

(1) plaintiff's Rule 56(f) motion (Doc. # 46) be DENIED;

(2) plaintiff's motion for judgment and for leave to amend the complaint (Doc. # 45)

be DENIED;

(3)  defendant's motion to strike (Doc. # 49) be GRANTED; and

(4) defendant's motion for summary judgment (Doc. # 36) be GRANTED, and that

judgment be entered in favor of defendant and against plaintiff.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file

any objections to this Recommendation on or before March 18, 2007.  Any objections filed

must specifically identify the findings in the Magistrate Judge's Recommendation objected

to.  Frivolous, conclusive or general objections will not be considered by the District Court.

---

[9]  On February 28, 2007, plaintiff filed a number of documents under a cover letter referring to the documents as her brief and evidentiary materials in support of summary judgment.  (Doc. # 50).  Plaintiff filed no motion for summary judgment within the time allowed by the Rule 16 order.  (See Doc. # 16)(dispositive motions due by January 29, 2007).  The documents were also filed after the deadline for plaintiff's response to defendant's motion for summary judgment.   Even if they had been filed in a timely manner, however, these documents do not demonstrate plaintiff's entitlement to judgment in her favor nor are they sufficient to overcome defendant's motion for summary judgment.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 5th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE