```
          IN THE UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **ANGELA DENISE NAILS,** | * | |
| | * | |
|     **PLAINTIFF,** | * | 1:06-CV-00737.WKW |
| | * | |
| **vs.** | * | |
| | * | |
| **DOTHAN RESCUE MISSION,** | * | |
| | * | |
|     **DEFENDANT.** | * | |

## MOTION TO STRIKE

THE DEFENDANT, the Dothan Rescue Mission, moves the Court to Strike Exhibits A, B, C, and D submitted in Support of the Plaintiff's "Objection to Recommendation" filed on or about March 19, 2007. In support of this request, the Defendant states:

    1.   Exhibit A is a collection of the Defendant's Responses to Plaintiff's Written Discovery Request.

    2.   This Court's Scheduling Order of November 1, 2006, set March 1, 2007, as the deadline for all discovery in this matter.

    3.   To the extent that Exhibit A is an attempt to dispute or request more discovery the deadline for such has passed.

    4.   Exhibit B is a collection of letters from the

Social Security Administration, Medicare and Medicaid cards, and numerous computer printouts relating to the Americans with Disabilities Act.

5.   Exhibit C consists of a computer printout concerning emergency shelter and a list of State grants awarded to the City of Dothan.

6.   Exhibit D is a collection of computer printouts apparently from the City of Dothan s website.

7.   The Plaintiff failed to disclose any of the information contained in Exhibits B, C, or D in her initial disclosures

8.   The Plaintiff failed to disclose any of the above documents in her responses to the Defendant s Request for Production.  She also failed to describe any of the above documents in her interrogatory responses.

9.   The Plaintiff never produced Exhibits B, C, or D to the Defendant, nor disclosed them in any way before including them as support for her  Objection to Recommendation.

10.  Exhibits B, C, and D have not been authenticated.

11.  Exhibits B, C, and D are irrelevant and immaterial to the issues involved in this matter.

12. With the exceptions of the cards in Exhibit B and the emergency shelter printout in Exhibit C, the dates of the letters and computer printouts show that all of Exhibits B, C, and D were obtained after the March 1, 2007, discovery deadline.

13. The Defendant would be prejudiced if these documents are considered because the documents were never disclosed, are not authenticated, and are not relevant and material.

WHEREFORE the Defendant moves the Court TO STRIKE Plaintiff s Exhibits A, B, C, and D in support of the Plaintiff s  Objection to Recommendation.

                        HARDWICK, HAUSE, SEGREST & WALDING


                        BY:     /s/ Kevin Walding
                            Kevin Walding (WAL036)

                        BY:     /s/ Patrick B. Moody
                            Patrick B. Moody (MOO110)
                            Attorneys for Defendant
                            Post Office Box 1469
                            Dothan, Alabama 36302
                            Phone    (334)794-4144
                            Fax      (334)671-9330

**CERTIFICATE OF SERVICE**

_____I hereby certify that, this date, I have served a copy of this document on the following individual(s) and/or attorney(s) of record by placing same in the United States Mail in a properly addressed envelope with prepaid postage.

Angela Denise Nails
342 South Saint Andrews Street
Apartment 808
Dothan, Alabama 36301

    This the 20th day of March, 2007.


                    _____/s/ Kevin Walding_____
                    Of Counsel