```
          IN THE UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

ANGELA DENISE NAILS,           *
                               *
     PLAINTIFF,                *      1:06-CV-00737.WKW
                               *
vs.                            *
                               *
DOTHAN RESCUE MISSION,         *
                               *
     DEFENDANT.                *
```

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO RECOMMENDATION

THE DEFENDANT, the Dothan Rescue Mission, responds to the Plaintiff's "Objection to Recommendation" filed on or about March 19, 2007, moves the Court to refrain from considering the Plaintiff's Objection to Recommendation, or in the alternative, to DENY and/or Strike portions of the "Objection to Recommendation." In support the Defendant states:

1. The Plaintiff's "Objection to Recommendation" fails to put forth any evidence creating or tending to create a genuine issue of material fact.

2. This Court's Recommendation of March 5, 2007, notifies the Plaintiff in clear and concise terms how she must object to this Court's Recommendation.

3. The March 5th Recommendation reads in relevant

part:    Any objections filed must specifically identify the findings in the Magistrate Judge s Recommendation objected to.   Frivolous, conclusive or general objections will not be considered by the District Court.

4.    The Plaintiff s objection does not conform to the clear requirements of the Recommendation, and contains general, conclusory and unsupported arguments and objections.

5.    On Page 11 of her   Objection to Recommendation, Nails seeks to increase her damage demand to $1,000,000.00 (One Million Dollars).

6.    This Court s Scheduling Order of November 1 2006, sets the deadline to amend pleadings as November 28, 2006.

7.    The time for amending any claims is well past due.

8.    Plaintiff cites to City Code of Ordinances-Utilities Section 102 on page 13 of her   Objection to Recommendation.

9.    The Plaintiff has never produced a copy of this Ordinance in her initial disclosures nor in her responses to the Defendant s Request for Production. The Plaintiff did not mention this Ordinance in her responses to the Defendant s Interrogatories.

10. The Defendant is not mentioned anywhere in Ordinance Number 102. This Ordinance sets the utility rates for utility users in the City of Dothan. Section 102-63 does establish lower utility rates for non-profit organizations within the City of Dothan. Nowhere in the Ordinance does the City of Dothan claim to pay the utilities for the Defendant or any other non-profit organization.

11. This Court's Scheduling Order of November 1, 2006, clearly set the deadline for discovery in this matter as March 1, 2007.

12. The Plaintiff's attempt to submit new evidence after the March 1 discovery deadline is improper, and the Defendant would be prejudiced if this Ordinance is considered because the Ordinance was never disclosed, has never been authenticated, and is not relevant and material.

WHEREFORE, the Defendant moves the Court to refrain from considering or to DENY and/or Strike the Plaintiff's "Objection to Recommendation" to this Court's Recommendation of March 5, 2007.

HARDWICK, HAUSE, SEGREST & WALDING

```
BY:     /s/ Kevin Walding
        Kevin Walding (WAL036)


BY:     /s/ Patrick B. Moody
        Patrick B. Moody (MOO110)
        Attorneys for Defendant
        Post Office Box 1469
        Dothan, Alabama 36302
        Phone    (334)794-4144
        Fax      (334)671-9330
```

**CERTIFICATE OF SERVICE**

_____I hereby certify that, this date, I have served a copy of this document on the following individual(s) and/or attorney(s) of record by placing same in the United States Mail in a properly addressed envelope with prepaid postage.

Angela Denise Nails
342 South Saint Andrews Street
Apartment 808
Dothan, Alabama 36301

   This the 20th day of March, 2007.

```
        /s/ Kevin Walding
        Of Counsel
```