IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA DENISE NAILS,          *
                              *
      PLAINTIFF,              *          1:06-CV-00737.WKS
                              *
vs.                           *
                              *
DOTHAN RESCUE MISSION,        *
                              *
      DEFENDANT.              *

**DEFENDANT  S RESPONSE TO PLAINTIFF  S**
**AFFIDAVIT OF SUBSTANTIAL HARDSHIP**

THE DEFENDANT, Dothan Rescue Mission, responds to the Plaintiff  s Affidavit of Substantial Hardship and moves the Court to find that Nails is not indigent and to deny her request to proceed without having to pay the $455.00 docket fee for an appeal from this Court.  In support of this request, the Defendant states:

1.  Information provided by Nails on her Affidavit of Substantial Hardship (Document 67) is inconsistent.  In her answer to question 3.A. concerning car payments and transportation expenses Nails lists a car payment of $262.00 per month.  However, in her response to number 4, Liquid Assets, she states the value of any equity in personal property she owns as $0.00.  This line specifically states  Equity in Personal Property, etc. (such as the value of

motor vehicles, stereo, VCR, furnishings, jewelry, tools, guns, less what you owe. ). If Nails is paying $262.00 a month for a vehicle the vehicle must have some value.

    2.  Nails claims to receive $852.00 a month from Social Security for disability. She claims this is her total monthly income. The Court should consider Nails s deposition testimony, which is part of the record of this case. Nails testifies that she worked for an automobile parts warehouse moving boxes of parts in September of 2006. (Nails Depo 32 lne 5, 33 line 1). Nails also testifies that she operated her own cleaning business in Ft. Walton Beach, Florida in 2005 and 2006. (Nails Depo 33 lines 21 through 35, 35 line 8).

    3.  Nails testifies that she was awarded Social Security Disability with Medicare and Medicaid in November of 2003. (Nails Depo 35 lines 13-15). Nails admits in her deposition testimony, however, that she has earned income other than Social Security disability since November of 2003. Nails testifies:

        Q. 91? All right. Then, you worked for these
        cleaning services off and on, roughly, to 2003?
        Is that accurate?
        A.  2005, 2000 and about 2006.
        Q.  Alright.  You were working for these
        cleaning services at a time that you also received

Social Security Disability?
      A.   Yes.

(Nails Depo 38 lines 5-12).

4.   Nails fails to list any income from her cleaning business on her Affidavit.  Also, she fails to list the value of her cleaning business as an asset on her Affidavit.

5.   Nails deposition testimony noted above shows that she is capable of paying the $455.00 docket fee to file an appeal in this case.

6.   Nails is not taking this appeal in good faith. Despite the clear orders from the Magistrate and this Court explaining step-by-step the procedures she was required to follow and the evidence she was required to submit, Nails failed to comply with these requirements.  Nails presented no evidence to rebut the Magistrate  s findings concerning the Defendant  s Motion for Summary Judgment.  Nails submitted no evidence to support her claims or rebut the Defendant  s properly supported Motion for Summary Judgment.

7.   Nails  s deposition testimony establishes that she had no evidence to support any of her claims:

        Q.   Let  s go back to May of 2003.  Do you
have any evidence or information to support a
claim that you being asked to leave after this
trial period in May of 2003, had something to do
with a physical disability that you had?

            A.   No.
            Q.   Do you have any evidence or information
       that might support a position that your meal
       tickets being taken away from you in June of 2005,
       had something to do with a physical disability
       that you had?
            A.   No.

(Nails Depo 92 line 24 through 93 line 10).

       8.   With regard to grants from state or federal

entities Nails testifies:

            Q.   As you sit here today under oath, you
       can t tell me that The Dothan Rescue Mission is
       receiving a Federal Grant, can you?
            A.   No.
            Q.   As you sit here today under oath, ma, can
       you tell me that The Dothan Rescue Mission is
       receiving a grant from the State of Alabama.
            A.   No.

(Nails Depo 60 line 19 through 61 Line 2).

       9.   Furthermore, Nails bases her claims on a law of

the Republic of the Philippines.  Defendant  s Exhibit 21 is

a copy of the Urban Development and Housing Act

(UDHA). The UDHA is a law of the Republic of the

Philippines. The first page of the UDHA clearly states this

fact.  Nails agrees that Defendant  s Exhibit 21 is a correct

copy of the UDHA:

            Q.   And you agree with me that we  ve got a
       copy of the UDHA over here as Defendant  s Exhibit
       21?
            A.   Yes.


                    Page 4 of 7

(Nails Depo 81 lines 2-5).

10. Nails also testifies to the following:

Q. Ms. Nails, I do apologize to you. I want
to make certain that I m clear on a couple of
things. Do you have any evidence or information
that the Dothan Rescue Mission actually receives
block grants from a Government entity?
A. No.

(Nails Depo 104 lines 11-17).

11. Nails testifies about the Rescue Mission s status

as a religious organization as follows:

Q. So, as you sit here today, under oath,
you have been sworn to tell the truth by this lady
right over here, do you have any evidence or
information to tell me about today, that supports
the position you re taking that the Dothan Rescue
Mission is not a religious organization?
A. I don t have any information or proof for you
today that the Dothan Rescue is not a religious
organization.

(Nails Depo 53 lines 4-13).

12. Nails signed Section 5 of the Affidavit of

Substantial Hardship, which contains the following language

above her signature:

I swear or affirm that the answers are true and
reflect my current financial status. I understand
that a false statement or answer to any question
in the Affidavit may subject me to the penalties of
perjury. I authorize the Court or its authorized
representative to attain records or information
pertaining to my financial status from any source
in order to verify information provided by me. I
further understand and acknowledge that, if the

Court appoints an attorney to represent me, the
Court may require me to pay all or part of the
fees and expenses of my Court-appointed counsel.

13. Nails has failed to provide answers reflecting her true and current financial status and her deposition testimony is a proper source for this Court to use in determining her true financial ability.

WHEREFORE the Defendant moves this Court to find that Nails is not indigent and to deny her request to proceed without having to pay the $455.00 docket fee for an appeal.


HARDWICK, HAUSE, SEGREST & WALDING


BY: /s/ Kevin Walding
     Kevin Walding (WAL036)
     ASB-8121-I-69J
     Post Office Box 1469
     Dothan, Alabama 36302
     Phone:   (334) 794-4144
     Fax:     (334) 671-9330


BY: /s/ Patrick B. Moody
     Patrick B. Moody (MOO110)
     ASB-0905-T73M
     Post Office Box 1469
     Dothan, Alabama 36302
     Phone:   (334) 794-4144
     Fax:     (334) 671-9330

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, this date, I have served a copy of this document on the following attorney of record by placing a copy in the United States Mail in a properly addressed envelope with adequate postage.

Angela Denise Nails
342 South Saint Andrews Street
Apartment 808
Dothan, Alabama 36301

This the 14th day of May, 2007.


/s/ Kevin Walding
Of Counsel